UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | CRIMINAL NO. 15-10347-PBS |
| ) | |
| VINCENT C. ANZALONE,  ) | |
| ) | |
| Defendant.    ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Now comes the United States, by its attorneys, William D. Weinreb, Acting United States Attorney, and David G. Tobin, Assistant U.S. Attorney, and hereby files its Sentencing Memorandum to assist the Honorable Court in fashioning an appropriate sentence.

Pursuant to the Plea Agreement entered into by the United States and the defendant, the United States may seek a sentence of not more than 97 months. As there is an applicable 60-month mandatory minimum sentence, the defendant may not seek a sentence of less than 60 months. In the Plea Agreement, the parties calculated the defendant's total offense level ("TOL") at a maximum of 32. The defense reserved the right to argue that the defendant's total offense level is 30 (the defense may argue pursuant to USSG § 2G2.2(b)(1) that the offense level should be decreased by 2, because his conduct was limited to receipt and did not involve distribution). With a TOL of 32 and assuming CHC of I, the defendant's GSR is 121 months to 151 months. With a TOL of 30 and assuming a CHC of I, the defendant's GSR is 97 months to 121 months. United States Probation calculated the defendant's GSR as 168 months to 210 months (US Probation agreed with the defense that USSG § 2G2.2(b)(1) applies, but also found that pursuant to USSG § 2G2.2(b)(5) a 5-level increase applies because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a

Case 1:15-cr-10347-PBS   Document 124   Filed 04/25/17   Page 2 of 4

minor).

The United States respectfully requests that the Court impose a sentence of 97 months. The defendant is different from most of the child pornography defendants that appear before this Court. The defendant has a history of hands-on sexual abuse of children. As noted in the Presentence Report, "Anzalone also admitted to touching multiple children in a sexualized manner starting when he was 17 years old and as recently as ten years prior to his interview. He admitted to 'groping' an eleven-year-old child when he was 17 years old, and to inserting his finger into the anus of a ten-year-old child during the same time." Presentence Report, paragraph 35 (which was not objected to by the defendant). The defendant sexually assaulted "multiple children" over a 17-year period (between the ages of 17 and approximately 34). Although the defense has characterized the defendant's victim's as "underage women' (See Defense Objection #1, at page 28 of the Revised Presentence Report), 10 and 11-year-old females are girls.

The defendant is sexually attracted to prepubescent children and has a long history of acting on his prurient sexual desires. The fact that the defendant claims that he has refrained from raping and molesting young children for approximately the past 10 years is of little comfort to those parents who will have children that encounter the defendant upon his release from prison.

The United States believes that the Plea Agreement entered into by the parties is appropriate given all of the circumstances of the case. A sentence of 97 months, with a mandatory minimum 60-month period of supervised release, and an appropriate amount of restitution is a just sentence and one the Court should impose.

The defendant has committed terrible crimes. He must be punished commensurate

with his crimes and society must be protected from further crimes of the defendant. A 97-month sentence also will deter others, who learn of the defendant's sentence, from committing similar crimes. Nothing in this Sentencing Memorandum is designed to persuade the Court to impose a sentence greater than 97 months. Similarly, nothing the undersigned argues at the sentencing hearing will be designed to persuade the Court to impose a sentence in excess of 97-months. The government stands by the agreement it struck with the defense and believes that a 97-month sentence is appropriate. The government is allowed to express its belief that the defendant has committed atrocious crimes and that the Court should sentence him to 97-months in prison. Such a reasonable argument does not violate the letter or spirit of the Plea Agreement.

                    Respectfully submitted,

                    CARMEN M. ORTIZ
                    United States Attorney

              By: /s/ David G. Tobin
                  DAVID G. TOBIN
                  Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                  /s/ David G. Tobin
                  DAVID G. TOBIN
                  Assistant United States Attorney